### STEPHEN GREEN *vs.* JEREMIAH F. KINNEY.

*Regula generalis.* No appeal from the judgment of a justice of the peace shall be entered by the prothonotary, until a transcript shall be filed under the hand and *seal* of the justice.

APPEAL. Judgment rendered 28th December 1836; appeal prayed and security given and signed by the surety; record certified thus: "I certify the above to be a true copy from my docket, as it stands stated; as witness my hand, this 4th day of January 1837.

NATHANIEL HEARN."

*Cullen* moved the court to dismiss the appeal, because a *duly certified* copy of the record was not filed in the prothonotary's office. "A true transcript of all docket entries, &c." is required by the law to be "certified under the hand and *seal* of the justice." *Dig.* 353, *sec.* 40.

It is the duty of the party appealing to get a copy of the record duly certified; to file it, and prosecute his appeal. It is the constant practice of the court to dismiss appeals, if the record do not show that security has been given and *signed.* The record cannot show this, unless it is so certified as to make it evidence; and this cannot be unless the record is certified as directed by law, *i. e.* under hand and *seal.* If the justice has neglected his duty in this respect, he is liable to the party.

*Ridgely*, who had just been spoken to by the appellant, desired time to look into the record, which was granted.

*Ridgely.*—The question is, whether the law requires the record to be sent up under the justice's seal. The law says it shall be *duly* certified; and the practice has been, to certify under the hand only.

*Cullen.*—What makes a transcript of a justice evidence? The act of assembly; which requires that the seal shall be used to authenticate it. A justice of the peace can only speak by his seal. His statements under hand, are no more evidence than the statement of any other man; but when certified in such a manner as to make them evidence, they are then *duly* certified.

*Per curiam.* Without the seal of the justice, is the transcript duly

certified? We have looked into the record, and the law, and are satisfied that a seal is necessary to the certificate; and we direct that the appeal be dismissed, unless a *duly certified* transcript be filed during this term; we make this conditional order under the general constitutional power vested in this court, to make amendments in furtherance of justice. We also make a general rule (No. 41,) That "no appeal from a judgment given by a justice of the peace shall be entered by the prothonotary on his docket, until a transcript of the docket entries of the case in which the appeal may have been taken, certified under the hand and seal of the justice rendering such judgment, or any other justice with whom the docket of such justice may be deposited, shall be delivered to the prothonotary." (*a*)

*Ridgely*, for appellant.

*Cullen*, for respondent.

(*a.*) The following are the rules of the Superior Court:

1. *It is Ordered*, That the gentlemen who have been admitted attorneys of the Supreme Court, and of the Court of Common Pleas, shall be admitted attorneys of this court, and that in future, upon the application of any citizen of this state to be admitted to practice as an attorney of this court, it will be required that he shall have studied the law at least THREE years under the direction of some gentleman of ability, in the practice of the law in this state or elsewhere, or of a judge of this state or a judge of the United States residing within this state; or, if he be a citizen of another state, and come into this state to pursue the study of the law, then that he shall have studied the law at least THREE years in this state under the direction of some gentleman of ability in the practice of the law in this state, or a judge of this state, or a judge of the United States residing within this state; that in either case, he be twenty-one years of age; that he be a person of integrity and fair character, and that he be publicly examined in the presence of the court, by such gentlemen of the bar as may be appointed by the court for that purpose.

2. Gentlemen of the bar in other states, of good character, who have studied the law at least three years, and who have practised two years in the Superior Courts of the state from which they come, may, in the discretion of the court, be admitted to practice in this court.

3. Every attorney, before admission, shall take the oath (or, if he be conscientiously scrupulous of taking an oath, the affirmation) required by the act of assembly—the oath to support the constitution of the State of Delaware, and the oath to support the constitution of the United States of America.

4. No attorney, when he has once engaged in a cause, shall withdraw his name from the record without leave of the court.

5. No attorney, prothonotary, deputy prothonotary, sheriff, under sheriff,

JOHN W. JARMAN *vs.* JAMES WINDSOR.

Where a record is the ground of action the narr., must refer to it with a *prout patet per recordum;* but not so if it be merely inducement.

*Quere.* Is a guardian account a *record?*

Two breaches of the same *stipulation* cannot be assigned in the same count.

The court will not presume infancy; nor need a plaintiff negative such a disability; it is for the defendant to alledge it.

DEBT on a guardian bond.   Narr., suggesting breaches.   Demurrer to the second breach.

or other officer of this court, shall be received as special bail in this court, unless he shall present a written petition, stating the reasons for his application, and obtain the leave of the court.

6. All process to compel the appearance of a defendant, and all execution process, shall be returnable on the first day of the term; the former shall be returned on the second day of the term, to the prothonotary before the sitting of the court on that day, and the latter on the fourth day of the term, before the sitting of the court on that day.

7. There shall be *four general rule* days; one on the *return* day of every term, and three in *vacation*, viz:

Winter vacation—

| | | | | | |
|---|---|---|---|---|---|
| Sussex, | (1st,) | 1 January; | (2d,) 10 February; | (3d,) | 3 March. |
| Kent, | " | 15 January; | " 25 February; | " | 15 March. |
| New Castle, | " | 1 February; | " 10 March; | " | 1 April. |

Summer vacation—

| | | | | | |
|---|---|---|---|---|---|
| Sussex, | (1st,) | 25 June; | (2d,) 10 August; | (3d,) | 3 September. |
| Kent, | " | 10 July; | " 25 August; | " | 15 September. |
| New Castle, | " | 1 August; | " 10 Sept.; | " | 1 October. |

8. Every rule to be filed at least fifteen days before the rule day on which it is limited to expire, exclusive of the day of filing the rule and the rule day.

9. The second term shall be the trial term of all causes commenced in this court; the first term shall be the trial term for issues from the Court of Chancery, the Orphans' Court and the Register's Court, and for appeals from the justices of the peace, provided they be docketed in this court before the publication of the trial list.

10. In every action, excepting actions by scire facias, when the defendant is in court, in person or by attorney, the prothonotary shall enter on the record of the suit, a rule to file the declaration by the first rule day in vacation; and if the declaration be not filed on or before that day, a judgment of non pros shall be entered by the prothonotary, or may be signed by the defendant or his attorney.

The second breach in the declaration was designed to meet the following state of facts.

On the 5th March 1822, a certain John G. Anderson was appointed guardian of the plaintiff, and gave bond with John D. Horsey as

11. Pro-narrs. shall not be received in any case except on appeals from justices of the peace; but declarations at length and in due form shall be filed.

12. In all actions by scire facias, and in all actions in which declarations are filed, the prothonotary shall, on the day succeeding the first rule day after the term to which the action is instituted, enter on the record of the action a rule on the defendant or defendants to file his, her, or their plea or demurrer by the second rule day in vacation, and if the same be not filed on or before that day, judgment shall be entered against the defendant or defendants by the prothonotary, or may be signed by the plaintiff or plaintiffs in the action, or his, her or their attorney.

13. Both parties to be entitled to rules for further pleading, till issue be joined or non pros, or judgment according to the cases.

14. When the defendant is not in court at the first term, but comes in thereafter, the prothonotary shall enter a rule on the plaintiff to file his declaration on or before the rule day next succeeding such appearance; and when in such case the declaration is filed, he shall enter a rule on the defendant to plead or demur, on or before the rule day next succeeding the filing of the declaration. If the declaration be not filed according to the rule, judgment of non pros shall be entered by the prothonotary, or may be signed by the defendant or his attorney; and if a plea or demurrer be not filed according to the rule, judgment shall in like manner be entered or signed against the defendant.

15. Either party may add the similiter, if the other neglect it.

16. Whenever a party to a suit pleads or replies "specially," and such plea or replication be not drawn out at length; or whenever a plea is filed with leave to give the special matter in evidence, the facts intended to be relied on shall be suggested on the record.

17. Parties shall be obliged to take notice of all rules expirable on a general rule day; and for the purpose of expediting causes, either party shall be entitled to rules for pleading expirable (on any day) in fifteen days, exclusive of the day of laying the rule, upon giving special notice in writing to the adverse party or his attorney, of such rule.

18. All rules expirable on a general rule day, shall, unless the same be complied with, be considered as absolute, notwithstanding advantage may not be taken of such rules by the adverse party or his attorney; and the prothonotary shall sign judgment for the plaintiff or defendant according to the rule.

19. No non pros, discontinuance or judgment, shall be struck out or taken off, without leave of the court.

his surety. He received as guardian, the sum of $800: which re-
mained in his hands at his death, as appeared by an account passed
by James Windsor (the present defendant,) as *administrator of said
Anderson,* of Anderson's guardianship of plaintiff. James Windsor

20. No cause shall be placed on the trial list, until after issue is joined,
except appeals from justices of the peace, and causes shall be inserted on
such list according to their seniority in this court. The trial list shall be
made out and published in one week after the third rule day in vacation.

21. The first Thursday in each term shall be the return day for all
subpœnas and other process to compel the attendance of witnesses in civil
causes.

22. An affidavit to hold to special bail shall be filed with the prothono-
tary, before or at the time appointed for hearing the rule, to show cause of
bail, otherwise the defendant shall be discharged on filing common bail, un-
less the time for filing the affidavit be extended by order of the court on
reasonable cause shown.

23. Special bail warned by process of scire facias, or upon which *nihil*
is returned to a second scire facias, may notwithstanding surrender the
principal at any time during the term to which the process is returnable,
but not at any adjourned court without a special order for that purpose.

24. No special bail shall be made liable on his recognizance of bail, un-
less the execution issued against the principal shall have been put in the
sheriff's hands at least ten days before the return thereof, exclusive of the
day of the delivery and the return day; nor on two *nihils* returned to the
scire facias against the special bail, unless such scire facias shall be delivered
to the sheriff at least ten days before the return thereof, exclusive of the
day of delivery and the return day; and the sheriff is ordered to indorse the
time of the receipt of such execution or scire facias on the writ; but if he
neglect it, other evidence may be given of the time of delivery.

25. The prothonotary shall attend the court in person, or by his deputy
if he be prevented by sickness or other unavoidable cause of absence.

26. The sheriff shall attend the court in person, unless prevented by
sickness or other unavoidable cause of absence; and in such case the under
sheriff shall attend. The sheriff, or in his absence, his under sheriff, shall
keep order in court, and admit no person within the bar but the officers of
the court, or such as shall be called on process or otherwise, or shall have
business before the court, or shall be permitted by the judges to come within
the bar.

27. A defendant in ejectment or scire facias may appear at any time
during the term to which the ejectment or scire facias shall be brought, but
not at any adjourned court.

28. In all ejectment causes the service of the declaration and notice to
appear shall be given six days before the return day of the term, exclusive

afterwards became the guardian of plaintiff, and the object of this breach was to charge him in this action, as *guardian*, with the sum thus in his hands as *administrator* of Anderson, the former guardian.

The narr., averred " that on the 10th August 1831, defendant was appointed guardian of plaintiff by the Orphans' Court of Sussex coun-

both of the day of service and the return day; and that the tenant in possession, defendant or defendants, take defence the first term.

29. Warrants of survey and view shall issue when application is made therefor to the court or to the prothonotary in vacation, they shall be executed in such time (ten days notice being given by the sheriff to the parties, or, if living out of the county, to their respective agents or attorneys of the time and place of meeting to make such survey or view) as that the surveyor may be enabled to make out and return four plots to the prothonotary's office on or before the first day of the term: which it is ordered that the surveyor do accordingly.

30. When leave shall be granted to amend or add to any plot returned under a warrant of survey, or for further view, the same notice shall be given as on warrants of survey and views, and that the amendments and additions shall be made by the last rule day in vacation next ensuing the term at which such leave was given, and the plots so amended shall be returned to the prothonotary's office on or before the first day of the next term.

31. Ten days written notice of inquisitions held on lands shall be given by the officer holding the same.

32. In all motions to set aside sheriff's sales, the court will not look beyond the matters insisted on in the affidavit, unless the matters appear on the face of the proceedings; nor will they in motions to set aside reports of referees.

33. Motions in arrest of judgment and for new trials shall be made, and the reasons filed, within four days next after the trial if the court shall sit so long: and if it do not, then during the term.

34. No use shall be indorsed on the record of any suit or judgment, unless by the written direction or authority of the plaintiff or his attorney: it shall take effect from the time the indorsement is made.

35. The appearance, execution, continuance and judgment dockets shall be kept in bound books separate from each other, by the prothonotary. The index in each shall state the causes in alphabetical order. The index to the judgment docket shall be both direct and reversed.

36. On a return being made to a certiorari, the appellant shall file particular exceptions or causes of diminution by the first Friday of the term to which such certiorari is returned, or the judgment shall be affirmed of course. If the writ and record from below be not returned by the second day of the term, the time for filing exceptions or causes of diminution may on application to the court be enlarged.

ty, having jurisdiction, &c., he giving bond in $2,000, with condition, &c. 1st *breach,* after averring that $600 came to defendant's hands as guardian, and after deducting, &c., there remained of said sum $550 : which he was bound to pay plaintiff, (the said guardianship having ceased on 12th November 1833,) concluded that he has not paid said sum or any part thereof.

2d *breach,* averred that on 5th March 1822, a certain John G. Anderson was duly appointed guardian of plaintiff by the Orphans' Court of Sussex county, having jurisdiction, &c. : that Anderson gave bond with one John D. Horsey as his surety in $4,000, conditioned, &c. : that $800 came to Anderson's hands as guardian of plaintiff, and after deducting, &c., there remained in his hands, as

37. Whenever the court shall direct a question of law to be heard before all the judges in the Court of Errors and Appeals, it shall be the duty of the counsel on both sides in such cause to furnish each of the judges before the hearing of the cause is commenced, a brief containing a statement of the points on which they rely and of the authorities intended to be used in support of them.

38. When a suit is instituted in this court by a non-resident, a rule may, in the discretion of the court, be granted that security for costs be given by a certain day or that nonsuit be entered ; such rule to be granted on an affidavit of the defendant that he has a just or legal defence to such action, and that the plaintiff does not reside within this state.

39. Whenever money is brought into court by order of the court, in any suit or proceeding in the court, unless an order be immediately made for the payment over of such monies, the same shall forthwith be deposited by the prothonotary in the Farmers' Bank of the State of Delaware at ——————— to the credit of this court.

40. In any suit that may be depending in this court, the prothonotary shall on the application of either party enter a rule, commission or commissions on the part of such applicant, which commission or commissions shall issue on ten days notice of interrogatories filed, to the commissioner or commissioners to be named on the part of such applicant, and to the commissioner or commissioners to be named by the other party, if any commissioner be named by such other party. If either party object to the commissioner or commissioners named by the other party, the commissioner or commissioners shall be appointed by one of the judges.

41. No appeal from a judgment given by a justice of the peace shall be entered by the prothonotary on his docket, until a transcript of the docket entries of the case in which the appeal may have been taken, certified under the hand and seal of the justice rendering judgment, or any other justice with whom the docket of such justice may be deposited, shall be delivered to the prothonotary.